UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRUCE C. MCNEIL,

Plaintiff,

v.

Civil Action No.: 1:20-CV-00998

THE CITY OF BUFFALO, et al.,

Defendants.

**DECLARATION OF ALYSHA M. NAIK
IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

I, **ALYSHA M. NAIK**, make this declaration under penalty of perjury in accordance with 28 U.S.C. § 1746:

1. I am an attorney at Rupp Pfalzgraf LLC, attorneys for Plaintiff in this matter. I am duly admitted to practice law in the State of New York and the United States District Court for the Western District of New York, and I am familiar with the facts and circumstances set forth.

2. I submit this declaration in support of Plaintiff's motion to compel. The relevant facts are as follows:

3. Defendants' disk containing documents produced in response to Plaintiff's first set of document requests consisted of almost 3,000 pages.

4. It took over seven months for Plaintiff to receive any of the Internal Affairs Division files that Plaintiff requested in response to Request No. 6 as described in Dkt. No. 31-1.

5. Upon submitting Dkt. No 31-1, Plaintiff turned his focus to depositions.

6. During these depositions, Plaintiff learned new information that informed some of his discovery requests, such as:

a. Certain deponents testified that they get new phones very often and, thus, cannot access data from the time of the May 2019 or April 2020 incidents.

b. Certain deponents testified about a weeks-long training program for new hires run by the City of Buffalo Police Department. Plaintiff has not received any related materials.

c. Defendant Velez testified that she may have exchanged text messages with Defendant Davidson about the May 2019 incident, including about the substance of the 710.30 statement and Plaintiff's complaint.

d. Defendant Garry testified about suspensions he has received from the City of Buffalo Police Department.

7. Defendants never responded to either of the deficiency letters that Plaintiff's counsel sent on March 6, 2024. Defendants' counsel claimed to have "missed" them. *See* Exhibit B. The only emails that Defendants have "missed" in this case are those that do not trigger a deadline under the Federal Rules of Civil Procedure.

8. On April 5, 2024 and April 9, 2024, Mr. Quinn and I had a phone conference to discuss the March 6 deficiency letters and Plaintiff's second set of document requests.

9. During these conferences, Defendants' counsel agreed to provide supplemental responses and objections to Plaintiff's first and second set of discovery demands and responses and objections to Plaintiff's third and fourth set of document requests.

10. Defendants' counsel also agreed to provide unredacted versions of produced documents redacting Plaintiff's personal identifying information and other data. He has still not done so.

11. To date, Defendants have not sent these responses or supplemental productions despite representing that they would send them first by April 19, 2024, and hopefully sooner, and then by April 23, 2024. *See also* Exhibit G.

12. Defendants' counsel stated that it would be difficult to provide any additional Internal Affairs Division files because he does not have access to them. He also said that he cannot search for specific files in his system by file number. When asked if his clients have access to them, Defendants' counsel said that he does not know.

13. Defendants' counsel also stated that he does not have access to his clients' union files and is unsure whether his clients have access to them.

14. Regarding Defendants' interrogatory responses, Defendants' counsel explained that, although each Defendant separately verified them, the responses are not specific to each Defendant. Mr. Quinn also confirmed that he verified the interrogatory responses on behalf of the City of Buffalo.

15. Defendants' counsel clarified that when Defendants wrote that they "are not aware" of responsive materials, that means that he has not seen any, he does not believe there are any, and to his knowledge, there are none.

16. Defendants' counsel stated that he does not believe there are any transcripts or recordings of Internal Affairs Division's informal hearings.

17. Defendants' counsel stated that he does not believe the Narcotics Operations Manual is relevant to Plaintiff's claims, among other objections.

18. Defendants have not provided any written response to the Notice to Inspect served on March 22, 2024.

19. Plaintiff has been able to schedule the remaining additional depositions with Defendants.

20. Defendants have indicated that they "anticipate that there may be additional documents produced" related to an upcoming 30(b)(6) deposition. *See* Exhibit G. Defendants have not yet produced these documents.

21. Regarding Request for Production No. 1, Defendants provided Internal Affairs Division files for EC2020-019 and EC2020-037. As discovery progressed, it became clear that several documents were missing from these files.

22. Regarding Request for Production No. 2, Plaintiff has not received any of the Defendants' records of calls among themselves or to anyone other than dispatch from May 27, 2019, April 2, 2020, or April 6, 2020.

23. Defendants have not yet produced the Buffalo Police Department's Rules and Regulations.

24. Regarding Request for Production No. 6., Plaintiff has not yet received a statement characterizing the purpose and nature of each complaint and Plaintiff has only received two Internal Affairs Division files related to him.

25. Regarding Request for Production No. 7, Defendants produced various PowerPoint presentations that presumably were shown to Defendants at some point in time, although it is not clear based on how Defendants produced them.

26. Regarding Request for Production Nos. 10 and 11, Plaintiff has not received anything except two incomplete Internal Affairs Division files regarding Plaintiff's May 2019 and April 2020 complaints.

27. Regarding Request for Production No. 13, Plaintiffs have not received anything.

28. Request for Production Nos. 17-19 refer to a case in which Defendant Davidson falsified a field drug test to make an illegal arrest after an improper traffic stop.

29. Request for Production No. 21 seeks documents related to a case that Defendant Garry testified about at his deposition involving his work as a police officer.

30. The parties have not yet met and conferred about Plaintiff's third and fourth sets of document requests.

31. Attached as Exhibit A are true and accurate copies of the March 6, 2024 discovery deficiency letters that Plaintiff sent to Defendant.

32. Attached as Exhibit B is a true and accurate copy of Defendants' counsel's email response when asked when he would be able to respond to Exhibit A.

33. Attached as Exhibit C is a true and accurate copy of Defendants' responses and objections to Plaintiff's second set of document requests.

34. Attached as Exhibit D is a true and accurate copy of Defendants' responses and objections to Plaintiff's first set of document requests.

35. Attached as Exhibit E is a true and accurate copy of Defendants' initial responses and objections to Plaintiff's interrogatories.

36. Attached as Exhibit F is a true and accurate copy of Defendants' supplemental responses and objections to Plaintiff's interrogatories.

37. Attached as Exhibit G is a true and accurate copy of correspondence among counsel.

38. Attached as Exhibit H is a true and accurate copy of the following article from The Buffalo News: Man leaves crack cocaine in worst place possible: backseat of police car (buffalonews.com).

39. Attached as Exhibit I is a true and accurate copy of Defendant Garry's disciplinary card as produced.

40. Attached as Exhibit J is a true and accurate copy of Plaintiff's first set of document requests.

41. Attached as Exhibit K is a true and accurate copy of Plaintiff's interrogatories.

Dated: April 28, 2024
Buffalo, New York

**RUPP PFALZGRAF LLC**
*Attorneys for Plaintiffs*

By: ______________________

R. Anthony Rupp III
Alysha M. Naik
Chad A. Davenport
424 Main Street
1600 Liberty Building
Buffalo, New York 14202
(716) 854-3400